Smith, J.
The only question for decision by the court is this: Was the legacy of $2,000 in United States four per cent, bonds, or cash enough to purchase the same, given to or for the use of the plaintiff Mary McMahon by item three of the will of the testator, a charge on the real estate devised by item two of said will to Mary McGuire and Bernard McMahon ?
The first item of the will provided for the payment of his debts and funeral expenses. The second devised his house and lot to said Mary McGuire and Bernard McMahon in fee-simple, absolutely, and there is not anywhere in the will any express provision that it is to be charged with the payment of the legacy to plaintiff, or of any of the pecuniary legacies given to others. The third item makes the bequest to the plaintiff. The fourth bequeaths to his pastor $500. The fifth to his cousin Margaret Beach $500.' Sixth, the residue of his estate, real, personal and mixed, to his heirs at law.
The evidence and statement of counsel are to the effect, that at the making of the will (which was-- but a few days before his death), the testator had sufficient personal estate to pay all the pecuniary legacies, but that a relative of his, after *304 his death being in possession thereof, claimed it as a gift from the testator in his life-time, and after he made his will; and a suit is now pending to compel him to return the same. If this were pleaded and relied on by defendant, it would seem to require this court to delay the decision of this case until that litigation was settled, as it is perfectly apparent that if there is personal estate sufficient to pay the legacies, it is primarily liable for the payment therefor, and only the deficiency in any event could be charged upon the real estate specifically devised.
Cunningham & A comb, for plaintiff.
Logan & Slattery, for defendants.
But we are unable to see any principle of law, which can, in any event warrant us in holding under the terms of the will, that the real estate so devised by the second item is to be charged with the payment of the pecuniary legacies, for if it is so as to one it is so as to all. The pecuniary legacies must be paid from the personal estate if there be sufficient, if not, and there be nothing to show that they are charged on this particular lot, they fall in wffiole or in part. As we have said, there is no such special provision. But the counsel for’ plaintiff claims that by the will the testator so blends his real and personal estate, as to show that it was his intention that there should be such charge. But such is not the case; the devise of the lot in item two is absolute and unequivocal. The only blending is in the residuary clause, and it Is true that if the testator had owned other real estate, that under the residuary clause, all of the estate, both real and personal, devised thereby, would have been charged with all the pecuniary legacies. But, unfortunately, he bad none.
This we think is clearly the doctrine of all’ the cases cited by plaintiff’s counsel, particularly the case on which he relies so greatly, viz., 14 Ohio St. 129.
The petition .in this case must be dismissed, and the plaintiff must rely for receiving her legacy on the personal estate, and success in the other litigation.